UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
TODD CHANEY; ERIC DELEON,

                                              Plaintiffs,

    v.                                                                  9:04-CV-0136
                                                                         (LEK)(DRH)
TIMOTHY KOUPASH, Correctional Officer; *et al.*,

                                              Defendants.
-------------------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

TODD CHANEY
Plaintiff, *pro se*
88-B-0634

ERIC DELEON
Plaintiff, *pro se*
96-A-6822

HON. ELIOT SPITZER                          RISA L. VIGLUCCI, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

**I.**      **Background.**

      Presently before the Court is a Motion for Reconsideration filed by Todd Chaney ("Chaney" or "Plaintiff").[1]  Dkt. No. 105.  Plaintiff's Motion seeks reconsideration of a

---

[1] The Court notes that there are two Plaintiffs in this action, neither of which appears to be a licensed attorney.  Thus, neither is authorized to represent the other in this litigation.  There has been no communication from the second Plaintiff, Eric DeLeon, indicating his willingness or intent to join this Motion.

portion of this Court's Order dated February 2, 2006.[2]  Dkt. No. 104.  Defendants have not filed any opposition to this Motion.

II.     **Plaintiff's Motion.**

   A.     **The Standard.**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

   B.     **Discussion.**

Plaintiff seeks reconsideration of that portion of the February Order that granted additional time for Plaintiffs to serve Defendant L. Brockway.  The reason for Plaintiff's request is that two Defendants remain unserved – L. Brockway and Thomas Koupash.  Plaintiff states that he requested additional time to serve all unserved Defendants, and that the February Order did not address Defendant Koupash.

The Court notes that summonses were issued for all Defendants on March 24, 2005.  The summons for L. Brockway was returned unexecuted due to his retirement from State service.  Dkt. No. 34.  After intervention by the Clerk, the Department of

---

[2] It appears that the Motion is timely as the local rules require that such a motion be "served not later than **TEN CALENDAR** days after the entry of the challenged ... order."  Local Rule 7.1(g).  The challenged Order was entered on February 2, 2006. Plaintiff asserts that he did not receive the Order until February 7, 2006.  Nevertheless, Plaintiff's Motion is dated February 10, 2006 which this Court must deem to have been the mailing date.  *Mingues v. Nelson*, 96-CV-5396, 2004 WL 324898, at *3 (S.D.N.Y. 2004); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993).

2

Corrections Office of Counsel agreed to accept service on behalf of L. Brockway. Dkt. No. 90. Another summons was issued on October 31, 2005, and no response was received by the Court. A summons for L. Brockway was re-issued on August 8, 2006. No response has been received by the Court. With respect to Defendant Koupash, the Court has received no response from the United States Marshals or the Defendant after the initial Summons was issued. The Court notes that the Clerk re-issued a Summons for Defendant Koupash on July 20, 2006. No response has been received by the Court.

In light of the foregoing, Plaintiff's Motion for Reconsideration will be granted and Plaintiff will be granted additional time to perfect service on Defendants L. Brockway and Thomas Koupash. Plaintiffs are reminded that it is their obligation to provide the Clerk or the United States Marshals with any documents they may require in order to perfect service on the Defendants.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for Reconsideration (Dkt. No. 105) is **GRANTED** to the extent that Plaintiff shall have **120 days** from the filing date of this Order to perfect service on Defendants **L. Brockway** and **Thomas Koupash**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

DATED:   August 11, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge