UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD CHANEY and ERIC DELEON,

                Plaintiffs,

v.                                                                                               9:04-CV-0136
                                                                                   (GTS/DRH)

THOMAS KOUPASH, *et al.*,

                Defendants.
_____

APPEARANCES:                                                                       OF COUNSEL:

TODD CHANEY, 88-B-0634
   Plaintiff, *Pro Se*
Groveland Correctional Facility
700 Sonyea Road
Sonyea, NY 14556

ERIC DELEON, 96-A-6822
   Plaintiff, *Pro Se*
Southport Correctional Facility
Post Office Box 2000
Pine City, NY 14871

HON. ANDREW M. CUOMO                                          ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, NY 12224-0341

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Todd Chaney and Eric Deleon ("Plaintiffs"), New York State prison inmates, filed this

*pro se* civil rights action pursuant to 42 U.S.C. § 1983 against eighty-three (83) correctional

officials employed by the New York State Department of Corrections ("Defendants").[1] Generally, Plaintiffs allege that, between approximately January 26, 2001, and December 14, 2005, at the Attica, Auburn, Great Meadow and Southport Correctional Facilities, Defendants violated Plaintiffs' rights under the First, Fourth, Eighth and Fourteenth Amendments.  (*See generally* Dkt. No. 116 [Plfs.' Third Am. and Suppl. Compl.].)[2]  Currently before the Court are (1) Defendants' motion for summary judgment, (2) United States Magistrate Judge Homer's Report-Recommendation that Defendants' motion be granted, (3) Plaintiffs' objections to the Report-Recommendation, and (4) Plaintiffs' motion to file a Fourth Amended and Supplemental Complaint.  (Dkt. Nos. 228, 239, 241 & 242.)  For the reasons set forth below, the Report-Recommendation is adopted in its entirety; Defendants' motion for summary judgment is granted; Plaintiffs' Third Amended and Supplemental Complaint is dismissed; and Plaintiffs' motion to file a Fourth Amended and Supplemental Complaint is denied.

---

[1] Each of these Defendants has been served except Defendants Granger, Eustis, Seneca, John Doe 1, John Doe 2, and John Doe 3.  (*See generally* Docket Sheet.)

[2] More specifically, in their Third Amended and Supplemental Complaint, Plaintiffs allege that Defendants (1) violated the First Amendment by tampering with their legal mail and grievances, denying them access to the facility's law library, and denying them the ability to provide legal assistance to each other, (2) violated the Fourth Amendment by subjecting them to improper drug tests and cell searches, (3) violated the Eighth Amendment by using excessive force against Chaney and subjecting them to improper drug tests, (4) violated the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment in a variety of ways (e.g., by issuing false misbehavior reports, conducting biased disciplinary hearings, improperly subjecting Chaney to involuntary protective custody and pre-hearing confinement, improperly denying Chaney's request to be returned to his position as a law clerk, improperly denying Chaney the disbursement of monies from his commissary account, and intentionally depriving Plaintiffs of property without due process), (5) violated 42 U.S.C. § 1981 by discriminating against them on the basis of their race, and (6) violated 42 U.S.C. §§ 1985 and 1986 by conspiring with one another to deprive Plaintiffs of equal protection of the laws.  (*See generally* Dkt. No. 116 [Plfs.' Third Am. and Suppl. Compl.].)

**I.      BACKGROUND**

Familiarity with this action's procedural background, Plaintiffs' claims, and Defendants' undisputed factual assertions, as set forth in Magistrate Judge Homer's Report-Recommendation (Dkt. No. 239) is assumed, and shall not be repeated in this Memorandum-Decision and Order. Only the background, claims and facts necessary to the discussion shall be set forth herein.

**II.     APPLICABLE LEGAL STANDARDS**

    **A.      Standard of Review on Objection to Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no

---

    [3] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

    [4] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine

issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2). As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[5] (This is because the Court extends special solicitude to the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[6] As has often been recognized

---

[5] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[6] *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant in not disadvantaged by the lack of legal training. In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been

by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[7] For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[8]–even where the nonmoving

---

given any notice that failure to respond will be deemed a default.") [citations omitted]; *see also* Jessica Case, "*Pro Se* Litigants at the Summary Judgment Stage: Is Ignorance of the Law an Excuse?" 90 Ky. L.J. 701, 704, n.24 (Spring 2001) ("The Second, Fourth, Seventh, Tenth, Eleventh, and D.C. Circuit Courts of Appeals mandate that notice of summary judgment requirements be given to *pro se* litigants. . . .  The Ninth Circuit requires notice of summary judgment requirements for *pro se* prisoner litigants only.") [citations omitted].

[7]      *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[8]      Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

party was proceeding *pro se* in a civil rights case.[9]

### C.     Standard Governing Motion to Dismiss for Failure to State a Claim

To the extent that a defendant's motion for summary judgment under Fed. R. Civ. P. 56 is based on the pleading insufficiency of the plaintiff's claims (as is Defendants' motion for summary judgment in this action), such a motion is functionally the same as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[10]  Moreover, even where a defendant has not advanced such a failure-to-state-a-claim argument on a motion for summary judgment, a district court may, *sua sponte*, address whether a *pro se* prisoner has failed to state a claim upon

---

[9]     *See*, *e.g.*, *Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito,* 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455*,* 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc*., 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

[10]    *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment.") [citations omitted]; *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.")

which relief may be granted.[11]  For the sake of brevity, the Court does not recite the legal standard governing dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Rather, for accurate and thorough recitation of that (recently clarified) legal standard, the Court refers the parties to *Fletcher v. Goord*, 07-CV-0707, 2008 WL 4426763, at *5-6 (N.D.N.Y. Sept. 25, 2008) (Sharpe, J., adopting, on *de novo* review, Report-Recommendation of Lowe, M.J.).

## III.   ANALYSIS

### A.   Specific Objections

The only objections to Magistrate Judge Homer's Report-Recommendation that may be characterized as in any way specific are Plaintiffs' objections to Magistrate Judge Homer's recommendations regarding their conspiracy claim and their drug-testing claims.  (Dkt. No. 241, at 3-4 [Plfs.' Obj.]; Dkt. No. 242, at 1-3 [Plfs.' Suppl. Obj.].)  More specifically, Plaintiffs present the following two arguments: (1) Magistrate Judge Homer improperly concluded that a conspiracy did not exist in light of the fact that Defendants' use of Plaintiffs' own "exhibits" show that a conspiracy was "right in the court's face"; and (2) Magistrate Judge Homer improperly found that no evidence existed in support of Plaintiffs' drug-testing claims in light of the fact that Defendants failed to submit, with their motion, expert affidavits demonstrating that the urinalysis procedures used by the New York State Department of Corrections ("DOCS") "did not deviate from accepted laboratory practice and was not a contributing cause of plaintiffs[']

---

[11]   The authority to conduct this *sua sponte* analysis is derived from two sources: (1) 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss [a] case [brought by a prisoner proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] . . . or . . . seeks monetary relief against a defendant who is immune from such relief"; and (2) 28 U.S.C. § 1915A(b), which provides that, "[o]n review, the court shall . . . dismiss the [prisoner's] complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

injuries." (*Id*.) As a result, the Court reviews those two portions of the Report-Recommendation *de novo*.

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation and Plaintiffs' Objections thereto, the Court concludes that Magistrate Judge Homer's Report-Recommendation with regard to the above-described two claims is well-reasoned and not erroneous. (Dkt. No. 239, at 26-28, 33, 43-44 [Report-Recommendation].) Magistrate Judge Homer employed the proper legal standards, accurately recited the undisputed facts, and correctly applied the law to those facts. (*Id*.) The Court would add only two points.

First, Plaintiffs' argument that Defendants failed to meet their burden on their motion because they did not adduce expert affidavits demonstrating the acceptability of DOCS' urinalysis procedures illustrates a misunderstanding of the shifting burdens present on Defendants' motion, which are described above in Part II.B. of this Memorandum-Decision and Order.

Second, the Court construes both Defendants' motion and Magistrate Judge Homer's Report-Recommendation regarding Plaintiffs' conspiracy claim and drug-testing claims as hinging on the *pleading* insufficiency (not evidentiary insufficiency) of those claims. (Dkt. No. 228, Part 28, 30-31, 36-39 [Defs.' Memo. of Law]; Dkt. No. 239, at 26-28, 33, 43-44 [Report-Recommendation].) As a result, these claims should be, and are, dismissed without prejudice.

For all of these reasons, the Court adopts Magistrate Judge Homer's Report-Recommendation with regard to Plaintiffs' conspiracy claim, their Fourth Amendment drug-testing claim, and their Eighth Amended drug-testing claim.

### B.     General Objections

Plaintiffs never filed a specific objection with regard to the remainder of Magistrate Judge Homer's Report-Recommendation. (Dkt. No. 241, at 1-5 [Plfs.' Obj.]; Dkt. No. 242, at 1-4 [Plfs.' Suppl. Obj.].)  Rather, they filed only the following six general objections: (1) "some of [the] defendants" (who are not identified) wrongfully seized certain of Plaintiffs' correspondence (which is not identified) at one or more points during the pendency of Defendants' motion, thus precluding Plaintiffs from filing a response to that motion; (2) Plaintiffs' failure to respond to Defendants' motion is excused in light of the special status they enjoy as *pro se* civil rights litigants; (3) Magistrate Judge Homer failed to view certain of the undisputed record evidence (which is unidentified) in the light most favorable to them; (4) Magistrate Judge Homer abused his discretion by failing to grant Plaintiffs' multiple motions to be appointed counsel; (5) all that Defendants have offered, in support of their motion, is "word play" and "legal tactics"; and (6) the legal standard governing dismissals for failure to state a claim requires that there be an appearance "beyond doubt" that a plaintiff can prove no set of facts in support of his claim. (*Id.*) As a result, the Court reviews the remainder of the Report-Recommendation for clear error or manifest injustice.

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation and Plaintiffs' Objections thereto, the Court concludes that Magistrate Judge Homer's Report-Recommendation with regard to Plaintiffs' remaining claims asserted in Plaintiffs' Third Amended and Supplemental Complaint is correct and not clearly erroneous. (Dkt. No. 239, at 16-46 [Report-Recommendation].)  The Court would add six points.

First, Plaintiffs' argument that they were not afforded an adequate opportunity to respond to Defendants' motion is wholly without merit. Defendants filed and served their motion for summary judgment on December 31, 2007. (Dkt. No. 228.) On January 3, 2008, Plaintiffs requested an extension of the response deadline. (Dkt. No. 229.) On January 9, 2008, the Court granted that request. (*Id.*)[12] On February 14, 2008, Plaintiffs requested a second extension of the response deadline. (Dkt. No. 232.) On February 28, 2008, the Court granted that request. (*Id.*) On March 3, 2008, Plaintiffs requested a third extension of the response deadline. (Dkt. No. 233.) On March 12, 2008, the Court granted that request, giving Plaintiffs until April 14, 2008 (four and a half months from the filing of Defendants' motion) to respond to Defendants' motion. (*Id.*)[13] On April 1, 2008, Plaintiffs requested a fourth extension of the response deadline, which was promptly (and properly) denied on April 8, 2008. (Dkt. No. 236.)[14] Clearly, Plaintiffs had an adequate opportunity–and ability–to file documents with the Court during the relevant time period.

---

[12]   On January 16, 2008, the Clerk's Office received two additional requests from Plaintiffs (dated January 2 and 14, 2008), which were denied on grounds of mootness. (Dkt. Nos. 230, 231.)

[13]   On March 24, 2008, Plaintiffs filed their fourth motion for counsel, which was promptly (and properly) denied. (Dkt. No. 234-35.)

[14]   It should be noted that there is no indication on the docket that the Court's Order of April 8, 2008, was subsequently returned to the Court as undeliverable. (*See* Docket Sheet.) It should also be noted that, on June 4, 2008–more than six weeks after the expiration of the response filing deadline–Plaintiffs filed a notice of change of address and a (procedurally improper) request for "a preliminary injunction to establish communication [with the Court]." (Dkt. No. 238.) On June 11, 2008, the Court issued an Order directing Plaintiffs to adduce evidence, on or before July 11, 2008, that they had in a timely fashion (i.e., on or before April 14, 2008) mailed to the Court and defense counsel a response to Defendants' motion for summary judgment. (*Id*; *see also* Dkt. No. 237, Part 1 [Letter from Defense Counsel dated 4/21/08, advising the Court that Defendants had not received a response to their motion].) However, Plaintiffs never subsequently filed such evidence. (*See* Docket Sheet.)

Second, Plaintiffs' failure to respond to Defendants' motion is not excused in light of the special status they enjoy as *pro se* civil rights litigants. As explained above in Part II.B. of this Memorandum-Decision and Order, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*. For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement–even where the nonmoving party was proceeding *pro se* in a civil rights case. *See*, *supra*, notes 8 and 9 of this Memorandum-Decision and Order.

Third, Plaintiffs received adequate notice of the consequences of failing to properly oppose Defendants' motion. (Dkt. No. 228, Part 1, at 2 [Defs.' Notice of Motion, reflecting attaching of Local Rule 56.2 Notice].) *See also* N.D.N.Y. L.R. 7.1(a)(3) [containing notice of consequences]; United States District Court for the Northern District of New York *Pro Se* Handbook, at 16, 41, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [containing notice of consequences].[15] Clearly, Plaintiffs understood these consequences, since they requested four extensions of the response deadline. (Dkt. Nos. 229, 230, 232, 233, 236.) In addition, it is worth noting that Plaintiff Deleon is not without at least some experience litigating other *pro se* civil rights actions in federal court. *See*, *e.g.*, *Deleon v. NYC Dept. of Corr.*, 97-CV-7604 (S.D.N.Y.); *Deleon v. Clarke*, 07-CV-0840 (W.D.N.Y.).

---

[15] Plaintiffs were sent a courtesy copy of the Local Rules and *Pro Se* Handbook on January 5, 2005. (*See* Docket Entry for 1/5/05.) In addition, to assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has provided to all correctional facilities in New York State, including Plaintiffs' correctional facilities at the time in question, copies of the Northern District's Local Rules of Practice and the Northern District's *Pro Se* Handbook.

Fourth, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors should be considered by the court in ruling upon such a motion. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (listing factors). "None of these factors are controlling in any given situation . . . . [Rather,] each case must be decided on its own facts." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.). Here, the Court can find no error (clear or otherwise) with Magistrate Judge Homer's weighing of these factors and his three decisions denying Plaintiffs appointed counsel. (*See* Dkt. Nos. 133, 205, 234.)

Fifth, Plaintiffs are incorrect when they argue that the legal standard governing dismissals for failure to state a claim requires that there be an appearance "beyond doubt" that a plaintiff can prove no set of facts in support of his claim. That "beyond doubt" language, promulgated by the Supreme Court through dictum in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), was "retir[ed]" by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007).[16] Rather than turning on the *conceivability* of an actionable claim, the Supreme Court explained, the pleading standard set forth in Fed. R. Civ. P. 8(a)(2) properly turns on the *plausibility* of an actionable claim. *Twombly*, 127 S. Ct. at 1965-74. More specifically, the Court reasoned that, by requiring that a pleading "*show*[] that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) requires that the pleading give the defendant fair notice of (1) the nature

---

[16] The Court in *Twombly* explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 127 S. Ct. at 1969.

of the claim and (2) the "grounds" on which the claim rests. *Id*. at 1965, n.3 [citation omitted; emphasis added]. While this does not mean that a pleading must "set out *in detail* the facts upon which [the claim is based]," it does mean that the pleading must contain at least "*some* factual allegation[s]." *Id*. [citations omitted; emphasis added]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 1965 [citations omitted].

It should be noted that, along with the other Circuits, the Second Circuit has repeatedly recognized that the clarified plausibility standard (articulated by the Supreme Court in *Twombly*) governs *all* claims, not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Twombly*).[17] It should also be noted that the Supreme Court in no way retracted or curtailed the plausibility standard when (two weeks after issuing *Twombly*), it issued a decision stating

---

[17]    *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim up relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *Patane v. Clark,* 508 F.3d 106, 111-12 (2d Cir. 2007) (in civil rights action, stating that "[i]n order to withstand a motion to dismiss, a complaint must plead enough facts to state a claim for relief that is plausible on its face") [internal quotation marks and citation omitted]; *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible.") [internal quotation marks and citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

14

that "[s]pecific facts are not necessary" in order to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]). That statement did not mean that a pleading may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without alleging any fact whatsoever.[18] While *specific* or *detailed* facts

---

[18] For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts plausibly suggesting that the termination caused the prisoner "substantial harm." 127 S. Ct. at 2199. The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8 and *Twombly*, all that is required is a "a short and plain statement of the claim" sufficient to "give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff had alleged that the termination of his hepatitis C medication for 18 months was "endangering [his] life" and that he was "still in need of treatment for [the] disease." *Id*. at 2200. While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need mentioning in the short decision: a claim of deliberate indifference to a serious medical need under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental state possessed by prison officials with regard to that sufficiently serious medical need. The *Erickson* decision had to do with only the first element, not the second element. *Id*. at 2199-2200. In particular, the decision was merely recognizing that an allegation by a plaintiff that, during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication. *Id*. This point of law is hardly a novel one. For example, numerous decisions, from district courts within the Second Circuit alone, have found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).

that "[s]pecific facts are not necessary" in order to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]). That statement did not mean that a pleading may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without alleging any fact whatsoever.[18] While *specific* or *detailed* facts

---

[18] For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts plausibly suggesting that the termination caused the prisoner "substantial harm." 127 S. Ct. at 2199. The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8 and *Twombly*, all that is required is a "a short and plain statement of the claim" sufficient to "give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff had alleged that the termination of his hepatitis C medication for 18 months was "endangering [his] life" and that he was "still in need of treatment for [the] disease." *Id*. at 2200. While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need mentioning in the short decision: a claim of deliberate indifference to a serious medical need under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental state possessed by prison officials with regard to that sufficiently serious medical need. The *Erickson* decision had to do with only the first element, not the second element. *Id*. at 2199-2200. In particular, the decision was merely recognizing that an allegation by a plaintiff that, during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication. *Id*. This point of law is hardly a novel one. For example, numerous decisions, from district courts within the Second Circuit alone, have found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).

need not be alleged, there must still be enough fact alleged to raise a right to relief above the speculative level to a plausible level, so that the defendant may know what the claims are and the grounds on which they rest (in order to shape a defense). In any event, regardless of whether the Court were to employ the clarified plausibility pleading standard or the abandoned conceivability pleading standard, the Court would agree with Magistrate Judge Homer that the claims at issue fail to state a claim upon which relief might be granted.

Sixth, and finally, the Court construes both Defendants' motion and Magistrate Judge Homer's Report-Recommendation as asserting that there is a *pleading* insufficiency (not evidentiary insufficiency) in the following five claims: (1) denial of the right to provide legal assistance; (2) wrongful cell searches, (3) intentional destruction of property, (4) denial of equal protection of the laws, and (5) discrimination. (Dkt. No. 228, Part 28, at 6, 14, 21, 32-33, 36-39 [Defs.' Memo. of Law]; Dkt. No. 239, at 28-29, 38-43 [Report-Recommendation].) As a result, those claims should be, and are, dismissed without prejudice.

For all of these reasons, the Court adopts Magistrate Judge Homer's Report-Recommendation with regard to the remaining claims asserted in Plaintiffs' Third Amended and Supplemental Complaint.[19]

### C.     Cross-Motion for Leave to Amend

It is true that, when addressing a *pro se* complaint, *generally* a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."[20] However, an opportunity to amend is

---

[19]     The Court notes that these portions of Magistrate Judge Homer's Report-Recommendation would survive even *de novo* review.

[20]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when

not required where the plaintiff has already amended his complaint.[21]  Here, Plaintiffs have already been granted *three* opportunities to file an amended (and/or supplemental) complaint. (*See* Dkt. Nos. 1, 7, 17, 116.)  In addition, it is worth noting that the deadline for filing amended pleadings expired on August 8, 2006, when the Court granted Plaintiffs' motion to file a Third Amended and Supplemental Complaint and did not extend the non-dispositive motion filing deadline.  (Dkt. Nos. 93, 109-10, 113, 193, 195.)  To permit Plaintiffs to change the landscape of their claims at this late point in the action–after discovery has long-since closed, Defendants have incurred the expense of filing a lengthy motion for summary judgment, and Magistrate Judge Homer has spent the time to issue a Report-Recommendation on that motion–would be manifestly unfair to Defendants, as well as wasteful of judicial resources.  Finally, the Court has not been informed as to what amendments Plaintiffs are even proposing since their motion for leave to file a Fourth Amended and Supplemental Complaint is not supported by a copy of the proposed amended pleading and a document (such as an affidavit) specifically identifying the proposed amendments, as required by Local Rule 7.1(a)(3).  (*See* Dkt. No.  241.)

For all of these reasons, Plaintiffs' motion for leave to file a Fourth Amended and Supplemental Complaint (Dkt. No. 241) is denied.

---

justice so requires").

[21]  *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 130 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.") [collecting cases]; *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F.Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 239) is hereby **ADOPTED** in its entirety; Defendants' Motion for Summary Judgment (Dkt. No. 228) is **GRANTED**; and Plaintiffs' Third Amended and Supplemental Complaint (Dkt. No. 116) is **DISMISSED with prejudice** except for the following claims, which are dismissed **without prejudice**:

(1) Plaintiffs' claims against Defendants Granger, Eustis, Seneca and John Does 1-3; and

(2) Plaintiffs' claim of denial of the right to provide legal assistance under the First Amendment;

(3) Plaintiffs' claim of wrongful cell searches under the Fourth Amendment;

(4) Plaintiffs' claim of intentional destruction of property under the Fourteenth Amendment;

(5) Plaintiffs' claims of improper drug testing under the Fourth and Eighth Amendments;

(6) Plaintiffs' claim denial of equal protection of the laws under the Fourteenth Amendment;

(7) Plaintiffs' claims of discrimination under 42 U.S.C. § 1981; and

(8) Plaintiffs' claims of conspiracy under 42 U.S.C. §§ 1985, 1986; and it is further

**ORDERED** that Plaintiffs' cross-motion for leave to file a Fourth Amended and Supplemental Complaint (Dkt. No. 241) is **DENIED**.

Dated: December 30, 2008
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge